UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BUSTER LEO GARRETT,<br><br>Defendant. | Case No. 12-CR-377-JFH |

**OPINION AND ORDER**

Before the Court is Defendant Buster Leo Garrett's ("Defendant") motion to preclude the United States of America's ("Government") proffered 404(b) evidence ("Motion"). Dkt. No. 45. In the Motion, Defendant objects to the evidence described in the Government's Supplemental Notice of Other Crimes, Wrongs, or Bad Acts, filed December 1, 2022 ("Supplemental Notice"). Dkt. No. 40.[1] The evidence, according to the Government, "tends to show a pattern of conduct wherein Defendant uses force during domestic discord." *Id*. at 3. Further, the Government contends the evidence shows "motive, intent, absence of mistake and lack of accident." *Id*. Defendant on the other hand contends that the evidence is "highly prejudicial," and that the resulting prejudice to Defendant outweighs any probative value the evidence may possess. Dkt. No. 45. For the reasons stated, Defendant's Motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Defendant is charged with two (2) crimes: (i) assault resulting in serious bodily injury in Indian Country [18 U.S.C. §§ 113(a)(6), 1151 & 1153]; and (ii) assault resulting in substantial

---

[1] The Government also filed a Notice of Other Crimes, Wrongs, or Bad Acts on October 11, 2022 ("Notice"). Dkt. No. 35. Defendant's Motion does not address the Government's proffered 404(b) evidence in the initial Notice, and thus the Court will not address it here.

1

bodily injury to an intimate partner and dating partner in Indian Country [18 U.S.C. §§ 113(a)(7), 1151 & 1153]. Dkt. No. 3. According to the Government, Defendant and the alleged victim ("L.G.") spent June 25, 2021, consuming alcohol on a boat on Lake Eufaula. Dkt. No. 47. Throughout the course of the day, and in advance of the alleged conduct underlying the crimes charged, the Government claims that Defendant (i) forced himself onto L.G. and ejaculated on her and, later in the day, (ii) told L.G. that he hoped she would die. Dkt. No. 47. The Government seeks to introduce evidence of these two (2) alleged "other acts" at trial. Dkt. No. 40.

The indictment charges that after these two (2) incidents, but on the same day, Defendant, an Indian, assaulted L.G., an intimate partner and dating partner of Defendant, resulting in serious and substantial bodily injury. Dkt. No. 3. More specifically, the Government claims that L.G. drove the boat onto a concrete ramp, angering Defendant, who said he hoped she would die and then, "[w]hile still on the boat and in the water . . . punched L.G. several times in the face." Dkt. No. 47. Defendant does not deny punching L.G. but claims that he was acting in self-defense. *Id*.

Finally, the Government claims that on June 26, 2021, the day after the alleged assault, "Defendant called L.G. from jail and tried to influence her against prosecution by characterizing his behavior as self-defense and her injuries as caused by an accidental fall." *Id*. The Government also seeks to introduce evidence of this "other act" at trial. *Id*. Trial is set for March 6, 2023.

**RELEVANT PROCEDURAL HISTORY**

On July 28, 2022, Defendant filed a motion requesting notice of any 404(b) evidence that the Government may seek to admit. Dkt. No. 17. On December 28, 2022, following several extensions of the scheduling order deadlines, the Court deemed Defendant's motion moot due to the Government's filing of its Notice [Dkt. No. 35] and Supplemental Notice [Dkt. No. 40] regarding evidence of "other acts" it seeks to admit under Rule 404(b). Dkt. No. 44. As relevant

here, the Government in its Supplemental Notice seeks to introduce the following evidence at trial pursuant to Rule 404(b):

> A. On or about June 25, 2021, in Eufaula, prior to the assault charged in the indictment, the Defendant forced himself sexually upon L.G. and ejaculated on her.
>
> B. On or about June 25, 2021, in Eufaula, prior to the assault charged in the indictment, the [D]efendant told the victim he hoped she died.
>
> C. On or about June 26, 2021, in Muskogee, during a recorded phone conversation, the Defendant tried to influence the victim by coaching her to reconsider the injuries he caused by striking her were from a fall; punishment for driving the boat up onto the boat ramp; or self-defense.

Dkt. No. 40, at 1-2.

Defendant filed the instant Motion on January 3, 2023, asking that the Court deem inadmissible the three (3) items of proffered 404(b) evidence contained in the Government's Supplemental Notice. Dkt. No. 45. The Government filed a response brief in opposition to Defendant's Motion on January 10, 2023 ("Response Brief"). Dkt. No. 47.

## AUTHORITY AND ANALYSIS

### I. Intrinsic versus Extrinsic Evidence

When considering the admissibility of evidence offered under Rule 404(b), the Court must "distinguish between evidence that is extrinsic or intrinsic to the charged crime." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (citing *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *abrogated on other grounds as recognized in United States v. Bell*, 154 F.3d 1205, 1209-10 (10th Cir. 1998)). Intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United*

*States v. Murry*, 31 F.4th 1274, 1290-91 (10th Cir. 2022) (quotations omitted).  If the Court determines evidence is intrinsic, it must conduct a Rule 403 analysis to determine that the evidence's probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011).  Conversely, extrinsic evidence "is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense."  *Murry*, 31 F.4th at 1291.  If the Court determines the evidence at issue is extrinsic, it must conduct a Rule 404(b) analysis.  *Kupfer*, 797 F.3d at 1238.

Neither the Government nor Defendant advance any argument as to whether the Government's proffered "other acts" evidence is intrinsic or extrinsic to the crimes charged.[2]  The Court must first undertake such an analysis.

Intrinsic evidence may take several forms, including evidence that:

- Is "inextricably intertwined with the charged conduct;"

- Occurs "within the same time frame as the activity in the conspiracy being charged;"

- Is "a necessary preliminary to the charged [crimes];"

- Provides "direct proof of the defendant's involvement with the charged crimes;"

- Is "entirely germane background information, directly connected to the factual circumstances of the crime;" or

- Is "necessary to provide the jury with background and context of the nature of the defendant's relationship to [other actors]."

*United States v. Cushing*, 10 F.4th 1055, 1075-76 (10th Cir. 2021) (citing *Kupfer*, 797 F.3d at 1238).

---

[2] The Court notes that the Government does not advance separate arguments tailored to the three (3) distinct items of "other acts" evidence, instead advancing one argument apparently applicable to all three.  Dkt. Nos. 40, 47.

Here, the Government first seeks to introduce testimony that Defendant forced himself on L.G. and ejaculated on her earlier in the day on the date of the alleged crimes. Dkt. No. 40. Defendant argues that there is "no nexus between the two acts." Dkt. No. 45. The Court agrees.

Defendant is charged with two (2) counts of physical assault on L.G. Dkt. No. 3. Although details gleaned from the Indictment and relevant briefing are sparse, it appears the assault resulting in serious/substantial bodily harm is alleged to have occurred in relatively quick succession to L.G. driving the boat onto the concrete ramp and Defendant becoming angry. Dkt. No. 47. The alleged sexual assault, by contrast, occurred earlier in the day while Defendant and L.G. were on the boat in open water. *Id*. Indeed, the Government asserts that after the alleged sexual assault, Defendant and L.G. "stopped the boat and ate dinner at Beaver's restaurant." *Id*. The Court is mindful that the sexual assault allegedly occurred earlier on the same day as the crimes charged, and thus an argument exists that it occurred within the same time frame. *Cushing*, 10 F.4th at 1075-76 (10th Cir. 2021). However, the fact that Defendant and L.G. stopped for a meal between the alleged sexual assault and the crimes charged severely undermines the argument that the events are "inextricably intertwined" or occurred within the "same time frame." *Id*.

The Court is not convinced that the alleged sexual assault is a "necessary preliminary" to the alleged physical assault, nor does it provide "direct proof of Defendant's involvement" in the crimes charged. *Id*. Nor does the Court consider the alleged sexual assault to be "entirely germane background information, directly connected to the factual circumstances of the crime." *Id*. The alleged sexual assault is separate and distinct from the alleged physical assault in kind and in time; the Court finds that it is extrinsic to the crimes charged.

The Government next seeks to introduce evidence that Defendant told L.G. that he hoped she would die, which occurred in the period between L.G. driving the boat onto the concrete ramp

and the alleged assault. Dkt. No. 47. Again, it appears from the Indictment and the briefing that this alleged statement was made moments after L.G. drove the boat onto the concrete ramp and moments before the alleged assault. Therefore, the Court finds the alleged statement to be "inextricably intertwined" with the alleged assault and that it "occurred within the same time frame." *Cushing*, 10 F.4th at 1075-76 (10th Cir. 2021). The alleged statement is "entirely germane background information" and it is "directly connected to the factual circumstances of the crime" *Id*. Therefore, the Court finds that the Government's proffered evidence of Defendant's statement in advance of the alleged assault is intrinsic to the crimes charged.

The Government also seeks to present evidence of an act that occurred subsequent to the crimes charged; namely, that the day after the alleged assault, on a recorded phone call from jail, Defendant attempted to "influence" L.G. to "reconsider" the events of the previous day and instead claim her injuries were either from an accidental fall, as punishment for driving the boat onto the ramp, or inflicted by Defendant acting in self-defense. Dkt. No. 40, at 2. The Court finds that this proffered evidence is integral to the crimes charged and therefore intrinsic. The phone call pertained directly to the alleged assault and occurred just one day later; thus, the proffered evidence is both "inextricably intertwined" with the crimes charged and sufficiently "within the same time frame . . . ." *Cushing*, 10 F.4th at 1075 (10th Cir. 2021).

The fact that this "other act" occurred subsequent to the crimes charged is no bar to its admissibility. *See, e.g., United States v. Mars*, 441 F.3d 1152, 1157 (10th Cir. 2006) ("It is settled in the Tenth Circuit that evidence of 'other crimes, wrongs, or acts' may arise from conduct that occurs *after* the charged offense.") (emphasis in original); *see also United States v. Merritt*, 961 F.3d 1105, 1117 (10th Cir. 2020) ("Rule 404(b), but its very terms, does not distinguish between 'prior' and 'subsequent' acts.").

## II. Rule 403.

Because the Government's evidence of Defendant's alleged statement that he hoped L.G. would die and subsequent phone call in which he "tried to influence" L.G. are intrinsic, a 404(b) analysis is not necessary. Instead, the Court "must conduct a Rule 403 analysis to determine that the evidence's probative value is not substantially outweighed by the danger of unfair prejudice." *Irving*, 665 F.3d at 1212.

"[O]ur law *favors* admission of all relevant evidence not otherwise proscribed; thus, exclusion under [Rule 403] is an extraordinary remedy that should be used sparingly." *Id*. at 1213 (emphasis in original) (quotations omitted); *Murry*, 31 F.4th at 1291 (same). "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. "In weighing the probative value of evidence against unfair prejudice, district courts must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Murry*, 31 F.4th at 1291 (internal quotations omitted). "Even if evidence makes a conviction more likely because it adversely affects the jury's attitude toward the defendant separate from its judgment as to his guilt of the crime charged, the risk of prejudice must *substantially* outweigh the probative value of the evidence for a court to exclude it." *Id*. (emphasis in original) (citing *U.S. v. Tan*, 254 F.3d 1204, 1211 (10th Cir, 2001)).

Affording the evidence the weight it must, the Court is confident that Rule 403 does not bar admission of this intrinsic evidence. The evidence is highly probative of Defendant's hostility and state of mind in the moments before the alleged assault, and his subsequent acknowledgment

7

of the same. While prejudicial, the Court finds it is not unfairly so. Therefore, the Court holds that this intrinsic evidence passes Rule 403 muster and is admissible.

### III. Rule 404(b).

The Court found the Government's proffered evidence that Defendant forced himself on L.G. and ejaculated on her to be extrinsic to the crimes charged. Therefore, the Court must conduct a Rule 404(b) analysis. *Kupfer*, 797 F.3d at 1238. Rule 404(b) provides in pertinent part:

> **Prohibited Uses.** Evidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> * * *
> **Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b). In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors: (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect; and (4) the court must give a limiting instruction is the defendant so requests. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v, Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

Regarding the first factor, Rule 404(b) requires the Government to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports that purpose." FED. R. EVID. 404(b)(3)(B). In other words, the Government must specifically state the purpose for which the evidence is offered—"such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—and it must demonstrate how the evidence supports that particular purpose. *Id*. at 404(b)(2).

Here, the Government states generally that the evidence "is offered for a proper purpose, as it tends to show motive, intent, absence of mistake and lack of accident." Dkt. No. 40 at 3. The Court is unclear how testimony regarding the alleged sexual assault tends to prove any of the Government's identified proper purposes. The Government's meager reasoning in support of its purpose(s) for the testimony includes that it "tend[s] to demonstrate both motive and intent to dominate domestic disagreement by force . . . ." *Id*. This "reasoning" is inadequate.

Moreover, the Government separately asserts that the proffered evidence "tends to show a *pattern of conduct* where Defendant uses force during domestic discord," and "shows that it is *more likely* that Defendant was the aggressor in the assault . . . ." *Id*. (emphasis added). This is precisely the kind of purpose for which "other acts" evidence is inadmissible under the Federal Rules of Evidence. *See* Rule 404(b)(1) ("Evidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). The Government is not permitted to present evidence of an alleged sexual assault to show a "pattern of conduct" or that it is "more likely that Defendant was the aggressor," *i.e.* to show that in the alleged assault Defendant acted in accordance with the proffered character evidence.

The Court finds that the Government's evidence that Defendant forced himself on L.G. and ejaculated on her is not being offered for a proper purpose. This finding ends the Court's analysis. However, even if offered for a proper purpose, the Court finds that this "other act" evidence is not relevant to the Government's case. As discussed *supra*, this particular other act as described in the Supplemental Notice is wholly different and unrelated to the present charges of assault resulting in serious/substantial bodily injury.

Moreover, in cases alleging sexual assault, binding precedent clearly requires the trial court to make a preliminary finding that the prior assault(s) did in fact happen. *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1988) ("We agree with David Karp, who drafted Rule 413, that similar acts must be established by sufficient evidence to support a finding by the jury that the defendant committed the similar act . . . The district court must make a preliminary finding that the jury could reasonably find a preponderance of the evidence that the other act occurred."). The Government has not charged Defendant with sexual assault. Thus, the Government's proffered evidence of an uncharged sexual assault should not be presented to the jury to suggest guilt with respect to the crimes charged. For these reasons, evidence that the Defendant forced himself on L.G. and ejaculated on her earlier in the day on the date of the crimes charged is not admissible under FED. R. EVID. 404(b).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Buster Leo Garrett's motion to preclude the Government's proffered 404(b) evidence [Dkt. No 45] is GRANTED in part and DENIED in part.

DATED this 9th day of February, 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE